IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAY L. TIMLICK, <br><br> Plaintiff, <br><br> vs. <br><br> LIBERTY MUTUAL INSURANCE COMPANY and SAFECO INSURANCE COMPANY OF ILLINOIS, <br><br> Defendants. | CV 19-99-M-DLC-KLD <br><br> ORDER |

Defendants Liberty Mutual Insurance Company and Safeco Insurance Company of Illinois have filed a motion to disqualify Plaintiff Jay Timlick's counsel, Gary Crowe, pursuant to Rule 3.7 of the Montana Rules of Professional Conduct 3.7 and Rule 83.5 of the Local Rules of Procedure for the District of Montana. For the reasons discussed below, the motion is granted.

I. **Background**

This bad faith insurance action arises from a motor vehicle accident that took place on March 10, 2016, when a vehicle driven by Timlick was rear-ended by another vehicle. (Doc. 3, at 2). Timlick settled with the tortfeasor's liability insurance carrier for the $100,000 policy limits, and then made a claim for

1

underinsured motorist ("UIM") benefits with his own insurer, Safeco. (Doc. 3, at 2). After settling his UIM claim with Safeco, Timlick commenced this action against Liberty and Safeco alleging claims for breach of contract and violations of Montana's Unfair Trade Practices Act ("UTPA"), Mont. Code Ann. § 33-18-201 et seq. (Doc. 3, at 3-7).

Timlick's current counsel of record, Gary Crowe, also represented him in making the underlying UIM claim against Safeco. Because of Crowe's representation in the underlying matter, Defendants move for his disqualification pursuant to Montana Rule of Professional Conduct 3.7 and Local Rule 83.5 on the ground that he is likely to be a necessary witness in this bad faith action.

## II. Discussion

Matters of attorney disqualification are governed by state law and applicable disciplinary rules. *Nelson v. Hartford Ins. Co. of the Midwest*, 2012 WL 761965, *2 (D. Mont. March 8, 2012). In addition, the Local Rules of Procedure for the District of Montana apply in all cases brought in this Court. *Nelson*, 2012 WL 761065, *2.

Local 83.5 provides that "[i]f an attorney representing any party is examined as a witness in a case and gives testimony on the merits, the attorney may not argue the merits of the case, either to the Court or jury, except by permission of the

2

Court, and as limited by the Court." D. Mont. L.R. 83.5 (Feb. 1, 2019). This rule does not apply to pretrial advocacy, and the Court has typically applied it narrowly to prohibit an attorney who testifies at trial from making the closing argument. *Nelson*, 2012 WL 761965, *3. But "Rule 83.5 may have a broader application where there is a risk that the jury will construe the attorney's participation as argument." *Nelson*, 2012 WL 761965, *3. If, for example, an attorney "has personal knowledge of the subject," the attorney's "questions to a witness at a deposition or at trial may be construed as argument by a jury." *Nelson*, 2012 761965, *3.

Montana Rule of Professional Conduct 3.7 directly addresses when a lawyer may serve as trial counsel and witness in the same proceeding. Rule 3.7(a) provides:

> (a)  A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> > (1)  the testimony relates to an uncontested issue;
>
> > (2)  the testimony relates to the nature and value of legal services rendered in the case; or
>
> > (3) disqualification of the lawyer would work substantial hardship on the client.

Mont. R. Prof. Conduct 3.7. "Courts within this district have recognized that an attorney in a bad faith case may be subject to disqualification if the attorney also

represented the plaintiff in the underlying suit, and is likely to be a necessary witness in the subsequent action." *Katica v. Allstate Fire and Casualty Ins. Co.*, 2018 WL 3475479, *1 (D. Mont. July 19, 2018) (quoting *Newman v. Farmers Alliance Mut. Ins Co.*, 2017 WL 3446630, *2 (D. Mont. Aug. 10, 2017)).

A necessary witness is one whose "testimony is both admissible and unavailable by other means." *In re Marriage of Perry*, 293 P.3d 170, 178 (Mont. 2013). "Because Rule 3.7 can be 'invoked for tactical advantage, delay or other improper purposes,' the movant must make the showing that an attorney is likely to be a necessary witness 'with specificity.'" *Newman*, 2017 WL 3446630, *2 (quoting *Nelson v. Hartford Ins. Co. of the Midwest*, 2012 WL 761965, *4 (D. Mont. Mar. 8, 2012)). "The moving party bears the burden of showing disqualification is necessary." *Nelson*, 2012 WL 761965, *3.

Defendants argue Crowe is likely to be a necessary witness at trial because he was a witness to much of alleged misconduct giving rise to Timlick's bad faith claims. As set forth in the Complaint, Timlick's UTPA claims are premised in part on conversations, disputes, and correspondence that allegedly took between Crowe and Safeco adjusters. For example, the Complaint alleges that Safeco adjuster Jennifer Smith backdated an email after returning from vacation to make it look like she had responded to a letter from Crowe before leaving for vacation. (Doc. 3,

4

at 5). The Complaint further alleges that Smith "shut off telephone communication ability with Plaintiff and his Counsel because she claimed and I quote 'Crowe threatened me personally.'" (Doc. 3, at 5). According to Plaintiff, however, the only threat he made was to file a bad faith action against Safeco. (Doc. 3, at 5). These and other allegations in the Complaint make clear that Timlick anticipates establishing bad faith in part by offering proof of Safeco's alleged misconduct toward his attorney, thereby making Crowe's testimony material and relevant. See *Nelson*, 2012 WL 761965, *5.

Timlick does not dispute the relevance of Crowe's testimony, but maintains Crowe is not a necessary witness because his testimony is available by other means. Timlick claims that he, Timlick, was present for "most, if not all, phone discussions" with Safeco's adjuster, which means he can testify about those discussions at trial. (Doc. 19, at 1). Timlick's statement that he was privy to "most, if not all" of those discussions is rather equivocal, however, leaving open the possibility that he will not be able to testify about all of the conversations upon which his UTPA claims are premised. See *Nelson*, 2012 WL 761965, *5 (finding counsel's testimony was "unobtainable elsewhere" because some conversations and interactions between counsel and insurer's agents were not witnessed by third parties).

It is also worth noting that Safeco disputes Crowe's allegations about his conversations with Smith (Doc. 8-1, at 2). Even if Timlick testifies about what was said, Crowe's personal knowledge of the conversations will be evident to the jury. Assuming Crowe takes the position that Timlick's version of the conversations is more credible than Safeco's, he would be in the untenable position of effectively arguing his own credibility to the jury.

Furthermore, Safeco makes clear that it plans on calling Crowe as a witness at trial and explains that his conduct will be central to its defense of Timlick's UTPA claims. (Doc. 21, at 5). Crowe is "clearly the most capable witness[] to describe [his] role[] in the underlying litigation and the rationale for [his] decisions and conduct therein." *Nelson*, 2012 WL 761965, *5 (internal bracket language modified) (quoting *Northern Montana Hosp. v. Continental Casualty Co.*, CV-91-078-GF, Doc. 32-1, at 5 (May. 14, 1993)). See also *Katica v. Allstate Fire and Casualty Ins. Co.*, 2018 WL 3475479, *2 (D. Mont. July 19, 2018) (concluding counsel in bad faith action was likely to be a necessary witness because he represented the plaintiff in the underlying action and was a "central witness to the events, settlement demands and factual background giving rise to the UTPA claim").

Timlick nevertheless argues Crowe's testimony will not be necessary

because the claim file, which Timlick plans on seeking in discovery, "will verify most, if not all, of [his] UTPA violation allegations." (Doc. 19, at 2). Regardless of what is contained in the claim file, however, Crowe's testimony is relevant, material, and critical to Safeco's defense for the reasons stated above.

The Court thus concludes that Safeco has met its burden of showing with specificity that Crowe is likely to be a necessary witness at trial, which means disqualification is warranted unless one of the three exceptions to Rule 3.7(a) applies.

Rule 3.7(a) prohibits a lawyer from acting as an advocate and witness at trial unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client. The first two exceptions are clearly not applicable here. Crowe's testimony will relate to directly to contested issues and will necessarily to go beyond the nature and value of legal services rendered in the case. Notably, Timlick does not argue otherwise.

Focusing instead on the third exception, Timlick argues he will face substantial hardship if Crowe is disqualified. Timlick explains that he and Crowe went to school together and have worked together in the past, and states that Crowe has represented him "in at least five separate previous matters." (Doc. 19, at 2).

7

The mere fact that Crowe has known Timlick for a long time and represented him in the past does not mean Timlick's ability to pursue his claims against Defendants will be prejudiced if Crowe is disqualified. This case is still in its earliest stages. The preliminary pretrial conference is still three weeks away, and there is no pretrial schedule in place yet. Timlick will have ample time to retain new counsel without prejudicing his ability to pursue this litigation. Moreover, as discussed below, disqualification under Rule 3.7 does not preclude Crowe from all participation in the case as it moves forward.

Because Safeco has met its burden of showing with specificity that Crowe is likely to be a necessary witness at trial and the exceptions to Rule 3.7(a) do not apply, Crowe's disqualification is warranted. Crowe may not make opening or closing arguments or examine witnesses and may not conduct depositions. *Nelson*, 2012 WL 761965, *8. However, Crowe "may still participate as counsel or co-counsel in other ways that are consistent with the applicable rules and case law, including all pretrial activities besides depositions."[1] *Nelson*, 2012 WL 761965, *8.

## III. Conclusion

---

[1] Defendants argue Crowe should also be excluded from hearing other witnesses' testimony under Federal Rule of Evidence 615. Whether Crowe is subject to Rule 615 need not be resolved now, however, and will be addressed at trial if necessary.

For the reasons discussed above, IT IS ORDERED that Defendants' Motion to Disqualify Plaintiff's Counsel (Doc. 7) is GRANTED.[2] Crowe is disqualified from conducting depositions, making opening and closing arguments, and examining witnesses at trial.

IT IS FURTHER ORDERED that Plaintiff shall have until Friday, October 25, 2019, to notify the Court in writing that he has retained new or additional counsel or that he intends to proceed pro se. If Plaintiff needs to extend this deadline and/or continue the preliminary pretrial conference scheduled for October 30, 2019, the Court will entertain a motion filed by Plaintiff's current counsel.

DATED this 7th day of October, 2019.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

[2] A motion to disqualify counsel is a non-dispositive matter under 28 U.S.C. § 636(b)(a)(A) that may be ruled on by a magistrate judge. *Advanced Manufacturing Technologies, Inc. v. Motorola, Inc.*, 2002 WL 1446953, *1 n. 1 (D. Ariz. July 2, 2002).